## No. 12,271.

### STROUP ET AL. *v.* PEARCE.
(288 Pac. 627)

Decided May 19, 1930. Rehearing denied June 9, 1930.

Mr. Edwin H. Park, for plaintiffs in error.

Mr. Charles R. Bosworth, Mr. S. S. Abbott, for defendant in error.

*In Department.*

Mr. Justice Burke delivered the opinion of the court.

These parties appeared in reverse order in the trial court and are hereinafter designated as there, or by name.

Defendants employed plaintiff to haul railroad ties. He brought suit against them for an alleged balance due him. The cause was tried to the court without a jury and judgment entered for plaintiff in the sum of $635.60. To review that judgment defendant prosecutes this writ.

The principal question here involved, and the only one requiring consideration, is the construction of writings. Defendants had a contract with the Union Pacific Railroad Company to cut and deliver to it at Rock River, Wyoming, certain railroad ties. They were to cut these in the vicinity of a place called Morgan, a considerable distance southwest of Rock River. About half a mile north of Morgan was a point called East Landing, and approximately one-half mile westward therefrom a point called West Landing, each of these being approximately a mile and a half from another known as Dutton Creek Landing, which was between them and Rock River. Plaintiff was not employed to "cut" or "get out" the ties, but merely to haul to Rock River. His contract was in writing and he gave a bond to perform. It covers ties to be hauled both from "above the Dutton Creek Landing" (i. e., from East and West Landings) thereto, and from that point to Rock River. Plaintiff says it was a "severable" contract which left hauling from "above the Dutton Creek Landing" optional with him. Such was the theory of the trial court and the basis

of the recovery. If correct no other question need be examined and the judgment must be affirmed. Considerable oral evidence was taken on the question of severability, but if there was no ambiguity the contract can not be varied by parol and we need only examine its face. Its first paragraph recites the names of the parties, the next three are "whereases," which throw no light on its interpretation, and the next states a nominal consideration. It then proceeds as follows, save that for clarity we use the names Stroup and Pearce instead of "party of the first part" and "party of the second part."

"1. That the said Pearce will haul ties cut by the said Stroup near Morgan to the town of Rock River, consisting of forty-five thousand (45,000) ties, more or less, said ties to be hauled from what is known as the Dutton Creek Landing in the County of Carbon, State of Wyoming, to the town of Rock River and unloaded at a point to be designated by the said Stroup at or near the said town; said Pearce is to deliver at the town of Rock River by October 21, 1925, twenty thousand (20,000) of said ties, the balance of the ties to be cut under said contract with the government, consisting of a total of approximately forty-five thousand ties, to be delivered by January 1, 1926, said ties to be handled in a workmanlike and timberlike manner.

"2. The said Stroup agrees to pay the said Pearce in full for said work, and the said Pearce agrees to receive in full for said work the sum of seventeen (17c) cents per tie for all ties hauled from the Dutton Creek Landing to the town of Rock River, and the sum of two (2c) cents for each tie per mile or fraction thereof hauled from above the Dutton Creek Landing, and seventeen (17c) cents per tie from Dutton Creek Landing to Rock River, payment to be made on approximately the first and fifteenth of each and every month for the work done the preceding fifteen days less two (2c) cents per tie, which is to be held by said Stroup until the completion of said work.

"3. The said Pearce is to execute a bond in the sum of two thousand ($2000.00) dollars, with a Bonding Company authorized to do business in the State of Wyoming, as surety to the said Stroup that all of said ties will be delivered by January 1, 1926; that all labor bills, liens and other obligations in relation to the hauling of said ties, including any state compensation charges, are to be paid and fully discharged.

"In witness whereof," etc.

The bond referred to, which we must consider as a part of the contract, recites that Pearce and his surety are bound in the sum of $2,000 upon the following conditions. (Here again we use the name of Stroup for all the defendants.)

"That Whereas the said Pearce has entered into a certain contract with the said Stroup to haul certain ties from the Dutton Creek Landing in Carbon County, State of Wyoming, to a point at or near the town of Rock River, Albany County, Wyoming, said contract bearing the date of second of May, 1925, to which reference is hereby made.

"Now, therefore, if the said Pearce shall haul the ties in accordance with the terms of said contract and shall deliver all of said ties to a point at or near the town of Rock River, in Albany County, Wyoming, on or before the first day of January, A. D. 1926; shall haul said ties in a workmanlike manner; shall pay all charges of labor, truckage, or other charges against hauling said ties; shall pay all workmen's compensation dues under any act thereon, and shall fully perform and execute said contract, then this obligation shall be void and of no effect, else to remain in full force and virtue."

In paragraph 1 of said contract Pearce agrees to haul ties from Dutton Creek Landing, but neither there nor elsewhere does he agree to haul from any other place.

In paragraph 2 Stroup agrees to pay for ties hauled from Dutton Creek Landing. He also agrees, in the same

paragraph, to pay for ties hauled "from above the Dutton Creek Landing," whence Pearce has not agreed to haul.

This, of course, amounts to a contract to haul from Dutton Creek Landing and an option to Pearce to haul from above.

Paragraph 3 provides for a bond "that all of said ties will be delivered." That, of course, means the ties Pearce has agreed to deliver, i. e., those from Dutton Creek Landing. If this conclusion is erroneous we should expect a reference to the bond to disclose that error, otherwise to support the conclusion.

Referring now to the bond we find a specific recital that Pearce has contracted "to haul certain ties from the Dutton Creek Landing." This bond contains no word about hauling from any other place. It provides that it shall be satisfied if Pearce "shall haul the ties in accordance with the terms of said contract." The words "the ties" must of necessity refer to those which the bond has just mentioned, and the only ones it does mention, i. e., those which it says Pearce has contracted to haul "from the Dutton Creek Landing."

Hence, if any ambiguity exists in the contract the parties themselves have, in the bond, put their own construction upon it. Because the contract provided for a bond to carry out its terms, and because a bond was given which extends only to the contract to haul from Dutton Creek Landing, we know the parties regarded that portion of the contract relating to ties hauled "from above the Dutton Creek Landing" to be optional with Pearce. For that reason he was required to give no bond concerning it.

Consideration of the entire agreement therefore shows a severable and unambiguous contract, which can not be varied by parol. The theory of the trial court was correct and the judgment is affirmed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE ADAMS and MR. JUSTICE ALTER concur.